IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**RONALD J. HUSSEY**                                                                                  **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 2:07cv119KS-MTP**

**FIDELITY AND GUARANTY LIFE INSURANCE
COMPANY and OM FINANCIAL LIFE
INSURANCE COMPANY**                                                    **DEFENDANTS**

**ORDER**

      This matter is before the court on a Motion for Reconsideration **[#71]** filed on behalf of the plaintiff.  The court, having reviewed the motion, the briefs of counsel, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the plaintiff's motion should be denied.  On June 11, 2008, summary judgment was granted in favor of the defendants and now the plaintiff now asks the court to reconsider that ruling.

      The Federal Rules do not recognize a "motion for reconsideration" as such. However, the Fifth Circuit has consistently stated that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b). The proper denomination of the motion is determined by the time within which the motion is served.  If the motion is served within ten days of the rendition of judgment, it falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b). *See Ford v. Elsbury*, 32 F.3d 931, 937, n.7 (5th Cir. 1994).  The present motion was filed within ten days of rendition of the original judgment, thus it will be considered under

Rule 59(e).

"A motion for reconsideration filed within ten days of judgment is treated as a motion to alter or amend under Rule 59(e) . . . . Rule 59(e) has been interpreted as covering motions to vacate judgments, not just motions to modify or amend." *Edward H. Bohlin Co. v. Banning Co.*, 6 F. 3d 350, 353, 355 (5th Cir. 1993). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)(quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)). Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir.2002).

In ruling on such a motion, the Fifth Circuit has instructed that "a district court should consider the following nonexclusive list of factors: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion (2) the importance of the reconsideration of the underlying motion to the movant's case (3) whether the reasons set forth by the movant justifying the reconsideration were available to the movant before they responded to the underlying motion and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered." *Harrigill v. U.S.A.,* 2004 WL 1595676 (S.D. Miss., June 1, 2004) (citing *Sturges v. Moore,* 73 Fed. Appx. 777, 778 (5th Cir. 2003)).

The plaintiff's motion does not argue newly discovered evidence. He does argue

a manifest error of law in the court's application of the law applicable to this case. He does not present any new law, he only argues that the court misapplied the existing law which was argued in the original motion and response. The plaintiff presented a well briefed and argued motion for summary judgment and filed an excellent brief in opposition to the defendants' opposing motion for summary judgment.

This case presented an unfortunate factual situation. The matter of just a few days prevented the plaintiff from being entitled to recover in this case. If the policy had been delivered just a couple of days earlier, there would be no question that the defendants would owe the policy limits. The court is captive to the facts presented and has made the only ruling appropriate considering the facts presented and the applicable law. Rearguing the application of that same law to the same facts constitutes an attempt to have a "second bite" at the apple. Neither the facts nor the law have changed in the intervening period of entry of the judgment and the present motion. Therefore, the court finds that the motion is not well taken and should be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiff's Motion for Reconsideration **[#71]** is denied.

SO ORDERED AND ADJUDGED this the 25th day of July, 2008.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE